[Sac. No. 2249. Department Two.—February 28, 1916.]

MARY E. DUFOUR, Respondent, v. MAUD D. WEISSBERGER et al.; MAUD D. WEISSBERGER, Appellant.

TRUSTS — LACHES — DISCRETION OF CHANCELLOR. — In determining the question of laches there is wide scope for the exercise of the discretion of the chancellor.

ID.—CIRCUMSTANCES FAILING TO SHOW LACHES.—Laches will not be inferred from the lapse of eighteen years before the bringing of an action by a mother in possession of a dwelling, the legal title to which is in the daughter, and which had been built by the daughter with her own funds upon the understanding that it should be the property of the mother, as compensation for caring for the daughter's child, where the mother had always claimed to own the dwelling whenever in the presence of the daughter, and the daughter had stated that she was building the place for her mother, and had frequently stated that she intended to convey the property to the mother, which statements had been repeated to the mother.

APPEAL from a judgment of the Superior Court of Sacramento County.   C. N. Post, Judge.

The facts are stated in the opinion of the court.

G. Gunzendorfer, and Butler & Swisler, for Appellant.

Grove L. Johnson, for Respondent.

MELVIN, J.—Defendant Maud D. Weissberger appeals from a judgment that she is trustee for plaintiff of certain real property in the county of Sacramento and directing her to convey the legal title to said plaintiff.

Respondent and appellant are respectively mother and daughter. The court found that in October, 1890, appellant, who was then a Mrs. Higginson, living apart from her husband, entered into an agreement with her father and mother whereby she was to pay the sum of forty dollars per month to the latter for the care and nurture of Mrs. Higginson's infant son, the money so paid to be the separate property of Mrs. Dufour. After two payments had been made the daughter suggested to her mother that instead of paying money for the service rendered she should purchase a lot and build thereon a home for her mother. This modification of the arrangement for the care of the daughter's child was accepted by the mother, who thereupon returned the eighty dollars already paid to her. Thereafter appellant purchased the land here in dispute and, assisted by other relatives, erected a house thereon, into the possession of which Mrs. Dufour entered in 1892. Ever since that time plaintiff has maintained sole and exclusive possession of the premises. The court found that the land cost $150; that appellant paid between three hundred dollars and $375 for lumber used in the construction of the house, and became indebted to her father for carpenter work, in an amount between one hundred dollars and two hundred dollars. It was in evidence also that appellant had paid taxes on the property, but the court made no finding upon that subject, and there was evidence to the effect that these were voluntary payments made because of her wish to preserve the property for her mother. The evidence also showed that Mrs. Dufour cared for her daughter's child for five years. The court found that Mrs. Dufour had perfect trust and confidence in appellant when the latter purchased the land, but that fraudulently and by an abuse of that trust Mrs. Higginson (appellant's name at that time) took the deed of the property in her own name in July, 1892. There were findings that plaintiff did not learn of her daughter's action in that behalf until some time after the deed was recorded; that she then demanded that her daughter should deed the land to her; that appellant frequently promised that she would deed the land to respondent, and that relying on such

promise Mrs. Dufour refrained from commencing legal proceedings to enforce a conveyance. It was also found that the money paid for the property by appellant belonged to the respondent.

Appellant contends that her motion for nonsuit, made at the close of plaintiff's case, should have been granted because (1) of laches and (2) because of the insufficiency of the evidence to sustain the action in equity. As the briefs of appellant's counsel are devoted exclusively to the discussion of the question of laches, we shall not discuss the alleged insufficiency of the evidence beyond the statement that we think it sufficient to uphold the judgment.

It appears from the testimony of Mrs. Dufour that a few weeks after the deed to her daughter was made she protested that the title should be in her own name, and thereupon Mrs. Higginson promised to make a deed to her as grantee. About two and a half years later they had a dispute over the ownership of the property, Mrs. Higginson saying, "It is my place." Plaintiff consulted an attorney, but upon his advice refrained from bringing suit against her daughter. It is true that Mrs. Dufour said in the course of her testimony that every time she met her daughter after 1894 the latter said, "It is my place," but Mrs. Dufour also said that she never thought she would have any trouble about the title. It was also in evidence that during the time when the house was in course of construction Mrs. Higginson frequently declared that she was building a place for her mother, and that from time to time ·she stated to different members of the family her intention of deeding the premises to Mrs. Dufour. These statements were reported to the mother. In view of this evidence we cannot say that the testimony shows a repudiation of the trust by appellant in 1894 and the consequent laches of Mrs. Dufour in deferring suit for eighteen years. (The action was commenced in 1912.) Each case where laches is depended upon must rest upon its own facts. It is difficult to state as a general proposition what period will bar relief from consequences of fraud, and there is wide scope for the exercise of the discretion of the chancellor. There had been evidently a deep affection on the part of the mother for her daughter. She weaned her own infant in order that she might nurse her daughter's child. In the years following she occupied the property here in dispute, apparently in full con-

fidence that it was her own, and her daughter, who knew this full well and often visited the mother, never demanded rent, and acted in every way as a person recognizing the authority of the mother over the property. It is in evidence that again and again appellant admitted that she was a trustee. Under the circumstances, and in view of the possession of the property by the *cestui que trust,* the latter was not guilty of laches. (*Love* v. *Watkins,* 40 Cal. 547–571, [6 Am. Rep. 624]; *Scadden Flat Gold Min. Co.* v. *Scadden,* 121 Cal. 33–39, [53 Pac. 440]; *Plass* v. *Plass,* 122 Cal. 3–16, [54 Pac. 372].)

The judgment is affirmed.

Henshaw, J., and Lorigan, J., concurred.