[L. A. No. 9300.   Department One.—June 19, 1928.]

GRACE LESLIE HUGILL, Respondent, v. A. M. KEENE
et al., Appellants.

Dorsey & Campbell for Appellants.

Alfred Siemon, Paul F. Garber and Siemon & Garber for Respondent.

PRESTON, J.—Appeal from judgment for plaintiff in an action to rescind the purchase of ten acres of land upon the ground of fraud and misrepresentation and to recover the purchase price of $1,000 paid therefor. The several contentions made by appellants involve only questions primarily for the trial court, and as, in our opinion, the evidence warrants no conclusion other than that reached by said court and amply supports the findings and judgment, our consideration of the case compels a resolution of all of said questions in favor of respondent.

Briefly, the facts, as shown and found, are: In 1919 defendant A. M. Keene sold plaintiff said property after she had been led to believe by false representations that it was of the character of land theretofore exhibited to her, located in an oil-producing field, and that it was situated in or near said oil field. Said defendant, in executing and recording the conveyance to plaintiff, knew that the property was located at least five miles from the land shown to her; that it was not oil producing, and that within two and one-half miles thereof no oil had ever been discovered or exploration for oil development made. In 1922 said defendant paid plaintiff the sum of $151, falsely represented to be dividends under a trust agreement which plaintiff had also been induced to sign, transferring said property to a trust company for development and improvement purposes. In short, without further detailing the testimony, it shows clearly that by various false and fraudulent representations, plaintiff was deceived and induced to pay said defendant the sum of $1,000 as a part of a scheme or plan to cheat and defraud her. Rescission of the entire transaction was thereafter attempted but failed because of the attitude of said defendant and this action was finally instituted in 1924.

Appellants' main attack is directed against the sufficiency of the evidence to support the findings and

judgment, but such contention, as above stated, we find to be without merit, as the record contains competent evidence sufficient to support each and every finding made.

Appellants urge also that the court failed to find upon the material issue of laches and they likewise plead the statute of limitations. Upon the question of laches the court specifically found "that within a reasonable time after her discovery of the falsity of said representations and of the fraud and deceit that had been practiced upon her . . . plaintiff notified defendant . . . that she rescinded said agreement of purchase. . . . " As conclusions of law the court further found that plaintiff's rescission was made within a reasonable time after her discovery of the falsity of said representations; that she commenced her action within a reasonable time thereafter and that her cause of action was not barred by the provisions of section 338, subdivision 4, of the Code of Civil Procedure, or at all. Thus, not only did the court definitely find upon the issue of laches, but the record shows such findings to be justified. "Mere delay in bringing an action for a time less than the period of limitation does not amount to laches. There must be also present the element that the delay has been to the prejudice of the opposite party." (*Victor Oil Co.* v. *Drum,* 184 Cal. 226, 242 [193 Pac. 243, 250].) Here the court found that defendants suffered no prejudice on account of any delay of plaintiff in rescinding said agreement.

Whether or not a defrauded party has rescinded promptly depends upon the circumstances of each particular case and is a question primarily for the trial court (*French* v. *Freeman,* 191 Cal. 579, 589 [217 Pac. 515]). "Whether or not the plaintiffs have been guilty of laches will have to be determined by the evidence adduced at the trial. Each case where laches is depended upon must rest upon its own facts. It is difficult to state as a general proposition what period will bar relief from consequences of fraud, and there is wide scope for the exercise of the discretion of the chancellor (*Dufour* v. *Weissberger,* 172 Cal. 223, 225 [155 Pac. 984]; 10 Cal. Jur., p. 526, par. 64)." (*Newport* v. *Hatton,* 195 Cal. 132, 147 [231 Pac. 987].) No abuse of discretion by the trial court is shown in this case.

Section 338, subdivision 4, of the Code of Civil Procedure provides a period of three years within which an action for relief on the ground of fraud or mistake shall be commenced, "the cause of action in such case not to be deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake." Here the court found that the plaintiff did not discover the falsity of the representations which had been made to her by said defendant until after March 14, 1922. This action was instituted in 1924, well within the period prescribed by the statute; hence their plea of the statute of limitations cannot avail appellants.

Numberless authorities may be found upholding the conclusions reached herein, but the plain facts of this case speak for themselves, and we do not deem that the matter warrants further discussion. The judgment is affirmed.

Curtis, J., and Seawell, J., concurred.