[S. F. No. 15235. In Bank.—September 7, 1934.]

W. H. VELA, Petitioner, v. LEOTTA M. HUBERTY, Registrar of Voters of Amador County, et al., Respondents.

Cooley, Crowley & Supple for Petitioner.

Ralph McGee, District Attorney, T. P. Wittschen, Special Counsel, and A. L. Pierovich for Respondents.

THE COURT.—Petition for a peremptory writ of mandate directed to the respondents requiring them to refrain from conducting an election for the recall of the judge of the Superior Court in the County of Amador.

The election was called for Tuesday, August 28, 1934, the date for the holding of the general primary election throughout the state. It is the contention of petitioner that it has been and is the intention of the board of supervisors of the county that the recall election should be regarded as

consolidated with the general primary election to be held throughout the county on that date, in violation of section 1 of the act to permit the consolidation of elections and providing for procedure therefor approved June 11, 1913, as amended (Stats. 1931, p. 2196). As originally enacted section 1 of the act provided that any two or more elections called to be held on the same day in the same territory might be consolidated. As amended in 1931 the act, section 1, provides "that no such election shall be consolidated with the primary election held throughout the state in August of each even numbered year."

At the conclusion of the argument the Chief Justice announced the decision from the bench:

█ The court is of the view that the petition for the peremptory writ must be denied. Upon the presentation of the petition we were of the view that a *prima facie* case for issuance of the writ was made out. Consequently the burden of refuting that view was thrown upon the respondents. While the provision of the act (Stats. 1931, p. 2196) prohibiting the consolidation of other elections with primary elections appears to be mandatory, the question is in a somewhat hazy condition, in view of the decisions of this court as to circumstances and conditions determining what is and what is not a consolidated election. This case narrows itself to the proposition whether the two elections have been actually consolidated. Under the showing made by the return, which is not challenged, the case seems to be governed by the decisions in the cases cited by the respondents in the argument. (*Mead* v. *City of Los Angeles*, 185 Cal. 422 [197 Pac. 65]; *San Francisco* v. *Collins*, 216 Cal. 187 [13 Pac. (2d) 912].)

The case is of that class, each one of which must be determined by the particular facts involved. We deem it unnecessary to enlarge further the facts presented by the return and not challenged.

The question of laches, raised by the respondents, has also received the consideration of the court. The petition for the writ was filed at the eleventh hour. The election is called for to-morrow. █ We take judicial notice of the fact that much of the territory included in Amador County is mountainous and sparsely settled. The election proclamation appears to have been given due notice, through

publication in the papers and otherwise, and we take it the people of the county are prepared to go to the polls to-morrow and vote.

For the foregoing reasons the petition for the writ is denied and the alternative writ is discharged.