[Civ. No. 32608.    Second Dist., Div. One    May 2, 1968.]

NEIL R. LEWIS, Petitioner, v. THE SUPERIOR COURT
OF LOS ANGELES COUNTY, Respondent; CLIFFORD
F. SMITH et al., Real Parties in Interest.

Neil R. Lewis, in pro. per., for Petitioner.

No appearance for Respondent.

Jack I. Esensten and Walter D. Janoff for Real Parties in Interest.

McCOY, J. pro tem.*—The petitioner, Neil Lewis, is an attorney at law. On March 23, 1965, he sued Clifford Smith and International Evangelistic Association in the superior court for damages for allegedly inducing Paul H. and Kathryn Nickel to breach their agreement with petitioner, hereafter sometimes referred to as the plaintiff. The agreement was for the construction of an apartment house complex and for the lease of that complex to plaintiff for 15 years with an option to renew. The complaint charges defendants with having induced the breach on or about June 1, 1964. Plaintiff prays for $1,340,000 general damages and $1,000,000 punitive damages.

On February 4, 1966, the court filed its pretrial conference order setting the case for trial on June 6, 1966. By that order the action was dismissed as to all fictitious defendants. The plaintiff now seeks a writ of mandate from this court commanding the respondent court to set his case for trial against the remaining parties, who are the real parties in interest here, without requiring him to bring in Paul H. and Kathryn Nickel as necessary parties. In response to an alternative writ the real parties in interest have filed their return, including their demurrer to the petition. Since neither petitioner nor the real parties in interest have furnished us with the relevant portions of the record of the respondent court, we have examined the file of that court as transmitted to us by the clerk in order to expedite the disposition of the matter before us.

On April 29, 1966, the court granted the motion of defendants' attorney to withdraw, and new attorneys (Kelly, Mann & Hilby) appeared on June 6, 1966, when the parties stipulated that the trial could be continued to August 22, 1966. On August 19 defendants' motion for a continuance to September 26, 1966, was granted. That motion was made on the ground (1) that a material witness was absent, and (2) that defendants required additional time to prepare for trial.

On September 26, 1966, the court on defendants' motion ordered plaintiff to bring in the Nickels as indispensable parties and vacated the trial date.[1] On October 10 on recon-

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

[1]The minute order for September 26, 1966, reads: ''Motion of defendant to bring in new parties granted. Plaintiff is ordered to join Paul and

sideration, the court denied plaintiff's motion to restore the case to the calendar, and ordered "the case not to be reset unless it is consolidated for trial only with case 850115 Nichol vs Lewis or the Nichols are made parties to this action." Plaintiff's motion to reconsider was made on the ground that the previous ruling that the Nickels were "indispensible parties" was erroneous. Action number 850115, entitled Nickel v. Lewis, referred to in the minute order of October 10, 1966, was thereafter dismissed with prejudice as to all parties.

On June 7, 1967, there being no appearances for either party, the court placed off calendar a motion by plaintiff for an order setting his action for trial at an early date. The notice of motion refers to the dismissal of the other action, but makes no reference to the order of October 10, 1966, requiring the joinder of the Nickels. That order was called to the court's attention by defendants in their written opposition.

On November 2, 1967, plaintiff again noticed a motion to set the case for trial at an early date. Before this motion was heard on December 14 defendants' present attorney was substituted for Kelly & Mann. The motion was denied on December 19, 1967, and these proceedings followed.

As noted at the outset, petitioner now seeks a writ commanding the respondent court to set his case for trial as expeditiously as its calendar will permit. He contends in his petition that the court has the duty to do so. It appears, however, that what petitioner is actually seeking is a review of the order of October 10, 1966, requiring him to bring in the Nickels as indispensable parties. In his petition he alleges that the respondent court has refused to set the case for trial until and unless the Nickels are joined as parties to the action; that he "is unable lawfully and legally to join said parties and by reason thereof is being denied a determination of the matter by said respondent Superior Court." In his points and authorities he stated that he seeks this writ "to test whether or not the Superior Court has imposed an unlawful condition upon plaintiff's right to proceed to trial. . . . I submit that the sole issue upon which a determination of this writ rests is should Paul H. Nickel and Kathryn F. Nickel be joined in the action."

---

Kathryn Nickel as parties. Cause off calendar. THE CAUSE IS ORDERED OFF CALENDAR. THE MEMORANDUM TO SET ON THE CASE IS VACATED. COUNSEL MAY RESTORE THE CASE TO THE CALENDAR AND SECURE A TRIAL DATE BY PRESENTING A NEW MEMORANDUM TO SET AND A CERTIFICATE OF READINESS TO ROOM 216 WITHIN 30 DAYS AFTER 12-22-66." The notice of the motion is not in the file of the trial court.

In support of his contention that mandate is appropriate here, petitioner relies on *Sharff* v. *Superior Court,* 44 Cal.2d 508, where the court said at page 510 [282 P.2d 896, 64 A.L.R.2d 494]: ''Mandamus will issue, where there is not a plain, speedy and adequate remedy in the ordinary course of law, to compel performance of an act which the law specifically enjoins or to compel the admission of a party to the use and enjoyment of a right to which he is entitled and from which he is unlawfully precluded. (Code Civ. Proc., §§ 1085, 1086.) The order in the present case is not appealable, and plaintiff does not have any plain, speedy and adequate remedy in the ordinary course of law. The writ is, therefore, available to test whether the court by its order has imposed an unlawful condition upon plaintiff's right to proceed to trial.'' We agree, of course, that if the plaintiff were here seeking a direct and timely review of the order of October 10, 1966, requiring him to bring in the Nickels as indispensable parties, the writ would be available to test whether, by that order, the court had imposed an unlawful condition upon plaintiff's right to proceed to trial.[2]

In the case before us plaintiff appears to argue that, by its order of December 19, 1967, denying his motion to set his case for trial, the court impliedly held that it would not do so until plaintiff complied with the order of October 10, 1966, requiring him to bring in the Nickels as indispensable parties, thus imposing an unlawful condition upon his right to proceed to trial. This argument is not tenable. As we see it, the court did not abuse its discretion or exceed its power in denying plaintiff's motion to set the case for trial until he had complied with the order of October 10, 1966, which had long since become final. As pointed out above, plaintiff virtually concedes this in submitting that the sole issue here is whether the court by its order of October 10, 1966, requiring him to bring in the Nickels as indispensable parties, abused its discretion or exceeded its powers.

As a part of their return the real parties in interest have demurred to the petition as permitted by rule 56(c), California Rules of Court. Although one ground of the demurrer is that the petition appears to be barred by the statute of

---

[2]In *Sharff* v. *Superior Court,* 44 Cal.2d 508 [282 P.2d 896, 64 A.L.R.2d 494], the order complained of required the plaintiff in a personal injury action to submit to a physical examination to be '' 'performed in the absence of said plaintiff's attorney . . . and that further proceedings by plaintiff in the above entitled action be stayed until said plaintiff . . . submits to said examination.' ''

limitations, the main thrust of their argument is that the relief which petitioner here seeks must be denied on the ground of laches. We agree.

There seems to be no doubt that ''in a mandamus proceeding relief may be denied upon the ground of laches. (*Griffin* v. *International Longshoremen's & W. Union*, 109 Cal.App.2d 823 [241 P.2d 552].) However, 'speaking generally, we think it must be said that there is no hard-and-fast rule as to the length of time that would bar such an action as this, that much depends upon the peculiar circumstances of the case; that a large discretion is confided to the trial judge, and the disposition of an appellate court is, and should be, to respect that discretion and not to interfere with his conclusion unless manifestly injustice has been done.' (*Pratt* v. *Pratt*, 43 Cal.App. 261, 279 [184 P. 956].) The application of the doctrine is stated in *Newport* v. *Hatton*, 195 Cal. 132, 147 [231 P. 987] as follows: 'Each case where laches is depended upon must rest upon its own facts. It is difficult to state as a general proposition what period will bar relief . . . and there is wide scope for the exercise of the discretion of the chancellor. (*Dufour* v. *Weissberger*, 172 Cal. 223, 225 [155 P. 984]; 10 Cal.Jur., p. 526, par. 64.)'. . . .'' (*Hopson* v. *Nat. Union etc. Cooks & Stewards*, 116 Cal.App.2d 320, 325-326 [253 P.2d 733]; 3 Witkin, Cal. Procedure (1954) Extraordinary Writs, § 11, p. 2474.) The same rule applies to original proceedings for mandate in the appellate courts. (See *McConoughey* v. *Torrence*, 124 Cal. 330 [57 P. 81]; *Cahill* v. *Superior Court*, 145 Cal. 42, 46-48 [78 P. 467].)

''A writ of mandate issues only in the court's discretion; hence petitioner's laches is often an important element in determining the disposition of the cause.'' (*Farnsworth & Ruggles, Inc.* v. *California Emp. Stabilization Com.*, 79 Cal. App.2d 602, 605 [180 P.2d 363].) It is further stated in *Hopson, supra*, 116 Cal.App.2d at p. 326, quoting from *Newport* v. *Hatton*, 195 Cal. 132, 147 [231 P. 987], that ''It is well settled, however, that courts of equity will often refuse relief if there has been such delay and passive neglect on the part of the complainant as, coupled with facts amounting to acquiescence in the acts complained of, will render the granting of the relief inequitable. (*Stevenson* v. *Boyd*, 153 Cal. 630, 636 [96 P. 284, 19 L.R.A. N.S. 525].) In determining whether or not the delay has been unreasonable, regard will be had to any circumstances which justify the delay, to the nature of the case and the relief demanded, and to the question whether the

rights of the defendants, or of other persons, have been prejudiced by the delay.'' (See also *Cahill* v. *Superior Court, supra,* 145 Cal. at pp. 46-47, to the same effect.)

Returning to the record before us, it is clear that petitioner has made no showing whatever to justify the delay in seeking relief from the order of October 10, 1966. Being dissatisfied with that order, he might have challenged it promptly directly by a proceeding on mandate in this court, as was done in *Sharff* v. *Superior Court,* 44 Cal.2d 508 [282 P.2d 896, 64 A.L.R.2d 494], yet there is no explanation of his failure to do so or of his delay in initiating his present collateral attack on that order. Next, when on May 3, 1967, plaintiff noticed his first motion to restore the case to the calendar for trial, he did so without informing the court that he had not complied with the order requiring him to bring in the Nickels as indispensable parties.[3] Finally, the notice of his second motion to reset the case for trial filed November 2, 1967, which resulted in the order now sought to be reviewed, is based on the same grounds as his first, albeit he did refer in his ''points and authorities'' to the order of October 10, 1966, requiring him to join the Nickels as indispensable parties, but without any explanation of why he had not done so.

The record as a whole, insofar as it relates to the matter before us points up petitioner's intransigence and his lack of candor toward the respondent court with respect to the order of October 10, 1966, when seeking to have his case reset for trial without complying with that order. In the absence of any explanation for his delay in seeking relief from that order, we are satisfied that the demurrer must be sustained and that the petition for a writ of mandate must be denied. In *Cahill* v. *Superior Court, supra,* 145 Cal. at page 47, the court said that ''in order to bar a remedy because of laches, there must appear, in addition to mere lapse of time, some circumstances from which the defendant or some other person may be prejudiced, or there must be such lapse of time that it may be reasonably supposed that such prejudice will occur if the remedy is allowed. . . .'' In this case, as we see it, it is

---

[3]The notice of this motion, unsupported by any affidavit or declaration, states that it ''will be made on the grounds that action number 850 115 of the Superior Court of the State of California for the County of Los Angeles, the pendency of which was an impediment to the above captioned matter being set for trial has now been settled and that no possibility exists that any conflicting findings may arise from said action and the above entitled action and therefore the above entitled matter should be set for early trial.''

reasonable to suppose that the real parties in interest, not to mention the Nickels, would be prejudiced if the remedy were allowed.

In view of our conclusion that the petition must be denied upon the ground of laches we do not reach the question whether, in making its order of October 10, 1966, the court abused its discretion or exceeded its powers. Accordingly, we have not considered whether the Nickels are or are not proper, necessary or indispensable parties within the meaning of sections 382 and 389 of the Code of Civil Procedure. It is enough to say that, as we read the record, it does not seem likely that plaintiff would be prejudiced by naming them as parties as ordered by the court on October 10, 1966. All that is standing in the way of obtaining a trial date is his own failure to comply with that order, which has long since been final.

The demurrer to the petition is sustained, the alternative writ is discharged, and the petition for a peremptory writ is denied.

Fourt, Acting P. J., and Lillie, J., concurred.