[Civ. No. 55125. Second Dist., Div. One. Feb. 28, 1979.]

ROBERT W. KRUEGER et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
SECURITY PACIFIC NATIONAL BANK et al.,
Real Parties in Interest.

COUNSEL

Hughes, Hubbard & Reed, William H. Levit, Jr., William T. Bisset, Ann C. Scales, John R. Hetland and Anthony G. Wilson for Petitioners.

No appearance for Respondent.

Sheppard, Mullin, Richter & Hampton, Pierce T. Selwood, Joel R. Ohlgren, Charles H. MacNab, Jr., George W. Coombe, Jr., Ullar Vitsut and Bert C. Johnson for Real Parties in Interest.

OPINION

THOMPSON, J.—The matter at bench primarily raises two issues: (1) the quantum of the burden upon a petitioner seeking a prerogative writ to establish by his pleadings and exhibits a prima facie case for relief; and (2) the effect of a Supreme Court order issued on a petition for hearing on a Court of Appeal denial of an alternative writ which directs the lower court to issue the writ it denied for failure of the petitioner to fulfill his pleading burden. It secondarily raises the issue of a petitioner's right to relief by prerogative writ upon a defectively verified petition.

We conclude that the petitioner for a prerogative writ must plead a prima facie case for relief and support his allegations of trial court action by appropriate exhibits to the extent necessary to understand the proceedings. We conclude that the petition must be properly verified. We conclude, also, that Supreme Court action on a petition for hearing from a Court of Appeal order denying an alternative writ which directs the lower court to issue the writ does not deprive the Court of Appeal of its discretion to determine whether the petition is sufficient. Accordingly, having followed our high court's order and issued an alternative writ in the case at bench and placed the matter on calendar for hearing, we discharge the writ without reaching the legal issues which petitioners seek to raise.

On December 22, 1978, petitioners filed their petition for writ of mandate with us. While dated December 22, 1978, the pleading is supported by a verification dated December 3. The petition seeks review of a trial court order sustaining without leave to amend a demurrer to one of four causes of action asserted by petitioners in a superior court

complaint against real parties in interest. The petition for extraordinary writ: (1) alleges in conclusionary terms that relief by extraordinary writ from the trial court order is appropriate because the cause of action to which the demurrer was sustained "involves almost no disputed fact issues" and that the order deprives petitioners of their right to plead a cause of action; (2) while referring to the trial court order as an exhibit to the petition does not include the trial court order within the papers filed; (3) while referring in conclusionary terms to the three causes of action remaining pending in the superior court, neither alleges the specific facts of the allegations included in those causes of action nor appends a copy of the complaint as an exhibit; and (4) neither alleges the specific nature of the demurrer and the points and authorities supporting it nor includes those documents as an exhibit.

California's system of appellate review only upon a final judgment generally precludes the utilization of a prerogative writ as a substitute for an appeal from an interlocutory order. Our Supreme Court admonished, in *Babb* v. *Superior Court* (1971) 3 Cal.3d 841, 851 [92 Cal.Rptr. 179, 479 P.2d 379], that: " 'In most . . . cases [of trial court orders on pleading issues], as is true of most other interim orders, the parties must be relegated to a review of the order on appeal from the final judgment.' " *Babb* drew an exception to the general rule in the single instance of petitions for extraordinary relief raising issues "of such significant legal impact that [a reviewing court feels] compelled to intervene through the issuance of an extraordinary writ." (3 Cal.3d at p. 851.) In *Coulter* v. *Superior Court* (1978) 21 Cal.3d 144 [145 Cal.Rptr. 534, 577 P.2d 669], the California high court modified its *Babb* rule. *Coulter* permits review by prerogative writ of trial court rulings on pleading matters "when it appears that the trial court has deprived a party of an opportunity to plead his cause of action or defense, and when that extraordinary relief may prevent a needless and expensive trial and reversal [citation]." (21 Cal.3d at p. 148.)

Because of the omissions from the petition for writ of mandate, we concluded that the record precluded intelligent consideration of petitioners' conclusionary assertion that the *Coulter* exception to the *Babb* rule was applicable. We, therefore, denied an alternative writ citing *Babb*.

Petitioners petitioned for hearing in the Supreme Court. Acting on the petition, the Supreme Court ordered that we issue an alternative writ and place the matter on calendar for oral argument. We followed orders and did so.

We start with the proposition that if the burden is upon the petitioner for extraordinary writ to allege a prima facie case of his entitlement to it, the petitioners have not done so here. As we read the current state of the law, it is the burden of the petitioner seeking relief by way of prerogative writ to plead facts supporting the relief he seeks and to incorporate documentation filed in the trial court "to the extent necessary to understand the proceedings and justify relief . . . ." (5 Witkin, Cal. Procedure (2d ed. 1971) Extraordinary Writs, §§ 139, 140, pp. 3913-3914.) Absent a factual statement of the nature of petitioners' complaint in the trial court, we cannot determine whether the second cause of action to which the demurrer was sustained is legally sufficient. We cannot know whether, in light of the three remaining causes of action, the sustaining of the demurrer will have any practical effect upon the lawsuit. We cannot begin to conclude that there is a possibility that interlocutory review of the action sustaining the demurrer to the one cause of action may tend to "prevent a needless and expensive trial and reversal." Without knowledge of the factual content of the complaint, demurrer, and points and authorities, and trial court order supplied by allegation or exhibit, we cannot do more than speculate upon the possibility that the legal issues may be so significant as to meet the *Babb* exception.

The first partial returns[1] to the petition dramatically demonstrate the wisdom of the requirement that the petitioner for prerogative writ support his petition with documentation sufficient for intelligent understanding of the proceedings. The demurrer was sustained to the one cause of action on July 5, 1978. Answers and cross-complaints were filed by real parties in interest in September. On October 25, petitioners filed an at issue memorandum, a fact omitted from their petition. The petition for extraordinary writ was not filed until December 22.

■ The five-and-one-half-month delay of petitioners in seeking review of the trial court order by prerogative writ, coupled with their action of filing an at issue memorandum in the interim, of themselves bar petitioners' right to a prerogative writ. The delay of some 105 days past the period of 60 days for filing a notice of appeal is an indication that the delay is an unreasonable one. (*Scott* v. *Municipal Court* (1974) 40 Cal.App.3d 995, 996 [115 Cal.Rptr. 620].) Combined with petitioners' representation to the trial court that the matter was at issue, the prima facie unreasonable delay is a bar to the relief in equity which the petition

[1]In the interest of avoiding delay, we requested initial returns limited to the procedural issues discussed in this opinion.

seeks. (*Lewis* v. *Superior Court* (1968) 261 Cal.App.2d 736, 740-742 [68 Cal.Rptr. 631].)

■ Petitioners' petition for prerogative writ is fatally defective in form as well as in substance. A petition for writ of mandate must be verified. (Code Civ. Proc., § 1086; Cal. Rules of Court, rule 56.) Here the petition shows on its face that it is not properly verified. The purported verification is dated December 3, 1978; the petition is dated December 22. It defies belief that the person verifying a document on December 3 could know of his own knowledge what its content would be some 19 days later. A fatally defective verification "is treated as a failure to verify." (3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 356, p. 2020.)

It is thus our conclusion, right or wrong, that petitioners are not entitled to the extraordinary writ they seek because they have not carried their pleading burden. The remaining issue is thus the effect of the Supreme Court order.[2]

■ We conclude that the order does not preclude us from exercising our judgment based upon the record and the law as we construe it to be. The order does not emanate from a petition for mandate directed to us and to which we were afforded the opportunity of response. The order does not require that we exercise our discretion in a particular way other than to issue an alternative writ and set the matter for argument. In that context, we do not construe the order as requiring that we ignore the patent deficiencies in the petition for mandate. (*McPheeters* v. *Board of Medical Examiners* (1947) 82 Cal.App.2d 709, 716 [187 P.2d 116]; see also *Lewis* v. *Superior Court, supra,* 261 Cal.App.2d 736.) There has already been enough slippage at the expense of progress in the lawsuit from which the petition emanates.

While prerogative writs are commonly described as granted or denied at the discretion of the court (5 Witkin, Cal. Procedure (2d ed. 1971) Extraordinary Writs, § 123, p. 3899), we view the discretion as one that must, to the extent possible, be exercised so that similarly situated litigants be given equal treatment. To permit petitioners to proceed on their petition for prerogative writ which is:

---

[2]Our construction of the order would be much easier if we were afforded access to the "conference memorandum" upon which the Supreme Court based its action. Presumably, some career member of the legal staff of a Supreme Court justice or some law student extern working for him knows something we do not.

1. defectively verified in a fatal respect,

2. unreasonably delayed under circumstances which bar relief, and

3. unsupported in the manner required, would be to afford petitioners preferred treatment denied to other litigants.

Hence, exercising our constitutional and statutory discretion, we conclude that petitioners must be denied relief because of the defects in their petition, their unreasonable delay in filing it, and its insufficiency.

Our alternative writ previously ordered issued by the Supreme Court is discharged. The petition for peremptory writ is denied.

Lillie, Acting P. J., and Hanson, J., concurred.

Petitioners' application for a hearing by the Supreme Court was denied April 26, 1979. Tobriner, J., and Richardson, J., were of the opinion that the application should be granted.