[No. E000367. Fourth Dist., Div. Two. Apr. 4, 1986.]

GENEVIEVE GILLAIZEAU, Plaintiff and Appellant, v.
BANK OF AMERICA et al., Defendants and Respondents.

**[Opinion certified for partial publication.*]**

*Pursuant to California Rules of Court, rule 976(b), this opinion is certified for publication with the exception of part II.

COUNSEL

Gerald Goldfarb for Plaintiff and Appellant.

Paul, Hastings, Janofsky & Walker, William B. Campbell, Jamie Broder, Janet A. Neuharth, Stanton, Oberstein & Doniger, Norman S. Oberstein, Thomas Doniger, Ellis & Kingston and Malcolm G. Ellis for Defendants and Respondents.

OPINION

KAUFMAN, J.—Genevieve Gillaizeau (plaintiff) instituted this action in effect to invalidate an order of the Riverside Superior Court sitting in probate admitting to probate the purported last will and testament of Darryl F.

Zanuck. The trial court sustained without leave to amend the general demurrers to plaintiff's second amended complaint filed by defendants Bank of America National Trust and Savings Association (Bank), Virginia Fox Zanuck, Darrylin Zanuck de Pineda and Richard Darryl Zanuck.

Plaintiff appealed and defendants in their defense of the appeal sought sanctions against plaintiff for instituting and maintaining a frivolous appeal. On August 17, 1984, this court filed an unpublished opinion in which we modified the order of the superior court to include a dismissal of the action to make the order a final, appealable judgment; affirmed the judgment of dismissal; and imposed a sanction of $3,000 against plaintiff's attorney Gerald Goldfarb "for counseling and prosecuting a frivolous appeal." On November 15, 1984, the California Supreme Court granted plaintiff's petition for hearing and the matter was transferred to that court. On January 29, 1986, the California Supreme Court retransferred the appeal to this court "with directions to refile its unpublished opinion without sanctions."

This court then set the matter on calendar for oral argument and directed the parties to file supplemental briefs on the issue of the California Supreme Court's authority to direct this court to resolve a particular issue in a specific way. Thereafter, on February 28, 1986, the parties filed a stipulation stating in part that they did not wish to incur further legal expenses in respect to the issue of sanctions and that "[t]herefore, the parties respectfully request that the Court of Appeal take off calendar the oral argument scheduled for June 3, 1986, at 9:30 a.m., refile its unpublished opinion which was originally filed August 17, 1984, without sanctions, and issue the remittitur forthwith."

■ We have no doubt the Supreme Court could have itself issued a written opinion resolving the sanctions issue and then retransferred the case to this court for disposition of the remaining issues. (See, e.g., *Taylor* v. *Union Pac. R. R. Corp.* (1976) 16 Cal.3d 893, 895 [130 Cal.Rptr. 23, 549 P.2d 855]; *Arnel Development Co.* v. *City of Costa Mesa* (1980) 28 Cal.3d 511, 514, 525 [169 Cal.Rptr. 904, 620 P.2d 565]; *Ferguson* v. *Keays* (1971) 4 Cal.3d 649, 659 [94 Cal.Rptr. 398, 484 P.2d 70].) However, with all due respect, we are unaware of any authority authorizing the California Supreme Court to direct a Court of Appeal to dispose of in a specific manner an issue requiring the exercise of judicial discretion. Indeed, we are confident that authority and the sound administration of justice dictate the contrary. (Cf. *Krueger* v. *Superior Court* (1979) 89 Cal.App.3d 934, 936 [152 Cal.Rptr. 870]; *Pedlow* v. *Superior Court* (1980) 112 Cal.App.3d 368, 370 [169 Cal.Rptr. 326]; see generally 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 708, pp. 680-683.) Accordingly, we should have had respectfully to decline to comply with the directions of the California Supreme Court even

though in view of a subsequent decision by this court relating to the same controversy (*Estate of Zanuck,* E000453, filed June 18, 1985, unpublished) we have no real disagreement with the California Supreme Court's apparent but unarticulated determination that sanctions should not have been imposed. The problem is resolved, however, by the stipulation of the parties filed in this court.

When the California Supreme Court granted hearing in the matter our decision and the opinion filed by us became a nullity. (*Knouse* v. *Nimocks* (1937) 8 Cal.2d 482, 483-484 [66 P.2d 438]; see 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 707, pp. 678-679.) Ignoring the inappropriate directions in the order retransferring the case to us, the matter is now before us again on all issues as if it had never been decided. The stipulation of the parties, and particularly the respondents, constitutes an abandonment of the request for sanctions, which we accept and honor. Accordingly, no discussion of the sanctions question is required. Our disposition of the merits of the remaining issues is set forth in part II, which is not certified for publication because it does not meet the standards for publication contained in rule 976, subdivision (b), California Rules of Court. Parts I and III are certified for publication, part I because it meets the criteria and part III because it contains the judgment without which the published opinion would be incomplete.

## II*

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

## III

### *Disposition*

To make it appealable, the trial court's order is modified to add: "The action is dismissed with prejudice." As thus modified, the order is affirmed. Defendants shall recover costs on appeal.

Rickles, Acting P. J.,† and McDaniel, J., concurred.

---

*See footnote, *ante,* page 836.

†Former Presiding Justice Morris who participated in the decision and opinion of this court filed August 17, 1984, retired effective February 28, 1986, and was unavailable to participate in the decision following retransfer from the California Supreme Court.