[No. G020741. Fourth Dist., Div. Three. Apr. 29, 1997.]

COUNTRYWIDE HOME LOANS, INC., Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
DONNA CLANCE, Individually and as Trustee, etc., et al., Real Parties in
Interest.

**COUNSEL**

Jackson, DeMarco & Peckenpaugh, Marc Alexander, William M. Hensley and Roger M. Franks for Petitioner.

No appearance for Respondent.

Stuart W. Knight for Real Parties in Interest.

**OPINION**

**RYLAARSDAM, J.**—After we issued an alternative writ, real party in interest supplemented the record with our permission. The new evidence disclosed a fact which, had it been disclosed in the petition, would have caused us to exercise our discretion not to issue the alternative writ. We hold we may discharge the writ without further proceedings as having been

improvidently granted. The effect of such a discharge is that our decision is not law of the case on the issues presented in the petition and this order is final immediately.

## BACKGROUND

In its superior court action, petitioner Countrywide Home Loans, Inc., asserts a right to quiet title to property acquired by real party Donna Clance and others (collectively Clance) through a nonjudicial foreclosure sale, and certain related causes of action. Countrywide recorded a lis pendens which the trial court subsequently ordered expunged on Clance's motion. Countrywide then filed its petition for writ of mandate seeking relief from this order. The petition's primary contention is that there was an error in the legal description contained in the notice of sale and therefore Civil Code section 2924f, subdivision (b) renders the sale voidable. (All further statutory references are to the Civil Code unless otherwise indicated.) The petition also alleges Countrywide never received notice of the sale.

After we solicited and received an informal response from Clance and an unsolicited reply to this informal response from Countrywide, we ordered the issuance of an alternative writ. Clance filed an answer to the petition and, concurrently, an application to supplement the record; this application was not opposed by petitioner. Countrywide filed a request we take judicial notice of legislative materials relating to section 2924f and points and authorities in support thereof.

The answer to the petition admits a variation between the correct legal description and the one used: The correct legal description contains a reference to "Lot 6 of Tract No. 6199"; the notice of sale and the deed of trust given to Clance's predecessor in interest refers to "Lot 6 of Tract No. 6196." In all other respects the legal description, including references to book and page numbers in the office of the county recorder, is correct. Furthermore the notice of sale indicated the correct street address for the property being sold.

We issued the alternative writ in reliance on petitioner's allegation it did not receive notice of the sale. The supplemental evidence submitted with Clance's answer to the petition, the subject of its application to supplement the record, consists of an affidavit of mailing the notice of trustee's sale to Countrywide and others. In its traverse, Countrywide contends the affidavit is defective, incompetent and misled them because of the incorrect legal description. Countrywide also complains that the affidavit does not show the notice was sent by certified or registered mail. These are not the issues

which motivated us to issue the alternative writ. The notice provides prima facie evidence Countrywide received notice of the sale. (Evid. Code, § 641.) Had either party furnished us with this evidence, we would not have issued the alternative writ.

## DISCUSSION

*Disposition of Application to Supplement the Record and the Request to Take Judicial Notice*

The application to supplement the record is granted. We have considered the evidence indicating Countrywide received notice of the sale. The request to take judicial notice relates to the legislative history of section 2924f. Since we do not reach the merits of Countrywide's claims, this request is denied as moot.

*The Power of This Court to Deny the Petition Without Opinion or Oral Argument*

Had the parties advised us of the mailing of notice of the foreclosure sale to Countrywide, we would not have issued the alternative writ. Therefore, in light of this new evidence, we conclude the alternative writ was improvidently granted. Can we discharge the writ without hearing oral argument and without issuing an opinion on the merits of petitioner's claim? California Rules of Court, rule 29.4(c) specifically provides the Supreme Court "may dismiss review of a cause as improvidently granted." There is no similar rule pertaining to the Courts of Appeal.

Article VI, section 14 of the California Constitution provides: "Decisions of the Supreme Court and courts of appeal that determine causes shall be in writing with reasons stated." The parties to a "cause" are also entitled to oral argument. (*Moles* v. *Regents of University of California* (1982) 32 Cal.3d 867, 871 [187 Cal.Rptr. 557, 654 P.2d 740]; *People* v. *Brigham* (1979) 25 Cal.3d 283, 285-286 [157 Cal.Rptr. 905, 599 P.2d 100].) *Funeral Dir. Assn.* v. *Bd. of Funeral Dirs.* (1943) 22 Cal.2d 104 [136 P.2d 785], in holding an appellate court's refusal to issue a prerogative writ on ex parte application does not constitute a "cause" and thus does not require a written decision, stated: "It is only after an alternative writ has been issued that the matter becomes a 'cause,' the determination of which, i.e., the granting or denying of a peremptory writ, requires a written decision." (*Id.* at p. 106.) This statement was repeated in *People* v. *Medina* (1972) 6 Cal.3d 484, 490, 492 [99 Cal.Rptr. 630, 492 P.2d 686], which held the summary denial of a petition for a pretrial writ did not constitute law of the case. (See also *Kowvis* v. *Howard* (1992) 3 Cal.4th 888 [12 Cal.Rptr.2d 728, 838 P.2d 250].)

It is thus clear that, once we issued the alternative writ, the matter became a "cause," subject to the requirements of California Constitution, article VI, section 14, entitling the parties to a written opinion on the merits and also a right to oral argument. However, this conclusion does not answer the question whether we may reconsider the propriety of initially issuing the alternative writ and, on a determination it should not have been issued, rescind our earlier action. If such reconsideration is permitted, upon our rescinding the order issuing the writ, the matter would cease to be a "cause."

A rule prohibiting courts, acting on their own motion while they retain jurisdiction over a case, from correcting their own errors, serves no purpose we can fathom and would ultimately cause unjust results, inefficiencies in the judicial process and unnecessary delays. We have found no authority prohibiting us from rescinding our earlier action, once we learned the reason which persuaded us to issue the alternative writ did not exist. Although not directly addressing the issue we consider here, *Krueger* v. *Superior Court* (1979) 89 Cal.App.3d 934 [152 Cal.Rptr. 870], indicates another Court of Appeal recognized its power to discharge an alternative writ without addressing the merits of the petition. In *Krueger* the Court of Appeal initially denied a petition for a peremptory writ of mandate to review a trial court order sustaining a demurrer to one of four causes of action. The Supreme Court directed the Court of Appeal to issue an alternative writ. The appellate court issued the writ. It then held it still had discretion to determine the petition failed to allege a prima facie case of entitlement to relief (*id.* at p. 938) and was unreasonably delayed (*id.* at pp. 938-939). The court discharged the writ without considering the merits of the petition, apparently after hearing oral argument. (*Id.* at p. 936.) *Pedlow* v. *Superior Court* (1980) 112 Cal.App.3d 368 [169 Cal.Rptr. 326] presents a similar scenario. There also, after issuing an alternative writ upon being ordered to do so by the Supreme Court, the Court of Appeal nevertheless discharged the writ on procedural grounds without considering the merits.

Courts of Appeal have previously discharged alternative writs as improvidently granted and refused to decide the issue on the merits. (*Espinosa* v. *Superior Court* (1988) 202 Cal.App.3d 409, 412 [248 Cal.Rptr. 375] ["We issued an alternative writ, which we later discharged as improvidently granted."]; *Grupe* v. *California Coastal Com.* (1985) 166 Cal.App.3d 148, 157 [212 Cal.Rptr. 578] ["This court stayed trial of the federal civil rights claim and later issued an alternative writ. However, after oral argument, the court declined to rule on the merits and dismissed the writ on the ground that the alternative writ had been improvidently granted."]; *Invicta Plastics, U.S.A. Ltd.* v. *Superior Court* (1981) 120 Cal.App.3d 190, 192 [174 Cal.Rptr.

476] ["We are now of the opinion that the alternative writ was improvidently granted and therefore now discharge and vacate the alternative writ and deny the petition."].)

We conclude from the cited cases that the "cause" which arises once an alternative writ issues need not necessarily be determined "in writing with reasons stated" where it is subsequently discovered the petition was defective. Although the court may have heard oral argument in at least some of these cases, such argument would serve no purpose here. Absent such a purpose, our Supreme Court has recognized that even certain decisions on the merits may be made without oral argument. (See *Alexander* v. *Superior Court* (1993) 5 Cal.4th 1218, 1222-1223 [23 Cal.Rptr.2d 397, 859 P.2d 96]; *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 178, 180 [203 Cal.Rptr. 626, 681 P.2d 893].) Our initial decision to issue the alternative writ did not require oral argument. (*Funeral Dir. Assn.* v. *Bd. of Funeral Dirs., supra*, 22 Cal.2d at p. 106.) Our present decision, that the writ was improvidently granted, does not require such argument either.

*Effect of Our Discharge of the Writ as Improvidently Granted*

Since, in discharging the writ, we are not ruling on the merits of Countrywide's contentions with respect to the effect of the error in the legal description and the relationship between that error and section 2924f, subdivision (b), our decision will not have preclusive effect. The doctrine of law of the case does not apply where there is a summary denial of a writ petition. (*Kowis* v. *Howard, supra*, 3 Cal.4th 888, 894; *People* v. *Medina, supra*, 6 Cal.3d at pp. 488-493.)

Under California Rules of Court, rule 24(a), "[t]he decision becomes final as to [the Court of Appeal] immediately after filing upon the denial of a petition for a writ within its original jurisdiction . . . , without issuance of an alternative writ or order to show cause. . . ." Since our order discharging the writ rescinds our earlier order to issue it, the result is the same as a summary denial. Therefore this decision is final immediately, as if the alternative writ had not been issued.

## DISPOSITION

Clance's application to supplement the record is granted. Countrywide's request we take judicial notice is denied as moot. The petition is denied. The alternative writ is discharged as improvidently granted and this court's stay

order is dissolved. Our order setting the matter for oral argument is vacated. Each party to bear its own costs. This order is final upon filing.

Sills, P. J., and Wallin, J., concurred.