[No. AO19999. First Dist., Div. Three. May 12, 1983.]

JOSEPH PATRICK MAHONEY, Petitioner, v.
THE SUPERIOR COURT OF THE CITY AND COUNTY
OF SAN FRANCISCO, Respondent;
ZELDA KELLY MAHONEY, Real Party in Interest.

**COUNSEL**

Christine E. Sinnott for Petitioner.

No appearance for Respondent.

Lowell H. Sucherman, Cartwright, Sucherman, Slobodin & Fowler and Barry Russ for Real Party in Interest.

**OPINION**

**BARRY-DEAL,** We are asked to rule on the application of the psychotherapist-patient privilege to communications made during what petitioner characterizes as a marriage-counseling session attended by both litigants in a marital dissolution proceeding. Application of the privilege presents mixed questions of law and fact. Yet we are asked to make the decision in a factual vacuum, without any indication that the trial court misunderstood the law. Petitioner makes various assertions of fact, but provides us with no record of the proceedings below, and concedes that he made no factual presentation below. We affirm the trial court's order.

Petitioner Joseph Patrick Mahoney and real party in interest Zelda Kelly Mahoney, also known as Zelda O'Brien Kelly, are the litigants in a marriage dissolution action. At issue is the validity of a property settlement agreement entered some five years ago. During petitioner's deposition he asserted the psychotherapist-patient privilege (Evid. Code, § 1014.) According to petitioner, real party brought a motion to compel answers, which was granted by Commissioner Robert Beale. This petition followed. Petitioner has provided us with neither the moving papers presented below nor a transcript of the hearing on the motion to compel answers. Although he has presented a document entitled findings of fact and conclusions of law re motion to compel, that document was never signed by the commissioner.

"[I]t is the burden of the petitioner seeking relief by way of prerogative writ to plead facts supporting the relief he seeks and to incorporate documentation filed in the trial court 'to the extent necessary to understand the proceedings and justify relief . . . .' (5 Witkin, Cal. Procedure (2d ed. 1971) Extraordinary Writs, §§ 139, 140, pp. 3913-3914.)" (*Krueger* v. *Superior Court* (1979) 89 Cal.App.3d 934, 938 [152 Cal.Rptr. 870].) ▮ ▮▬▬▮ ▮ To be adequate, the record provided by petitioner ". . . should ordinarily include any written motion and opposition thereto together with their respective points and authorities, any relevant pleadings or reporter's transcripts, and any written dispositive order." (*Sherwood* v. *Superior Court* (1979) 24 Cal.3d 183, 186-187 [154 Cal.Rptr. 917, 593 P.2d 862].)[1]

We might excuse petitioner's failure to provide this court with a proper record were we convinced that petitioner made a proper showing to the trial court and received an erroneous ruling. However, from what we can reconstruct about the proceedings below, it appears that petitioner failed to meet his burden of establishing the conditions for operation of the privilege.

At oral argument in this court, petitioner conceded that his factual presentation below consisted only of the deposition transcript. The portion of the deposition transcript provided us does not identify the questions asked of petitioner, only his response. In his response he suggested that he and real party saw more than one therapist jointly. His attorney explained that he intended to claim the privilege for ". . . the psychotherapist's conversation where Mr. Mahoney and Mrs. Mahoney were present for counsel of marriage, we are exercising the privilege even though Mrs. Mahoney was present. . . ." Real party's attorney asked for the "name of the therapists" for purposes of a hearing in the law and motion department, but the record presented to this court

---

[1]Even where, as here, the Supreme Court has granted hearing and ordered the matter retransferred to a Court of Appeal for issuance of an alternative writ, the transferee court may deny relief based upon procedural irregularities, such as lack of a proper record. (See *Krueger* v. *Superior Court, supra,* 89 Cal.App.3d 934, 939-940.)

does not reveal whether a name or names were provided. We have no clue about the form of the motion to compel answers presented by real party, what representations were made to the trial court by real party, or how petitioner responded. All we know is that the deposition transcript or a portion of it was before the trial court.[2]

Evidence Code section 1014 provides that with certain exceptions ". . . the patient, whether or not a party, has a privilege to refuse to disclose, and to prevent another from disclosing, a confidential communication between patient and psychotherapist . . . ." Other sections of the Evidence Code define a " 'psychotherapist' " to include a person licensed as a "marriage, family and child counselor" under the Business and Professions Code (Evid. Code, § 1010, subd. (e)), and a " 'patient' " as a person "who consults a psychotherapist or submits to an examination by a psychotherapist for the purpose of securing a diagnosis or preventive, palliative, or curative treatment of his mental or emotional condition . . ." (Evid. Code, § 1011). A " 'confidential communication between patient and psychotherapist' " is defined as "information, including information obtained by an examination of the patient, transmitted between a patient and his psychotherapist in the course of that relationship and in confidence by a means which, so far as the patient is aware, discloses the information to no third persons other than those who are present to further the interest of the patient in the consultation, or those to whom disclosure is reasonably necessary for the transmission of the information or the accomplishment of the purpose for which the psychotherapist is consulted, and includes a diagnosis made and the advice given by the psychotherapist in the course of that relationship." (Evid. Code, § 1012.)

Under California law, upon the refusal of the deponent to answer a question, the burden is upon the party seeking discovery to obtain an order from the superior court to compel disclosure. (Code Civ. Proc., § 2034, subd. (a); cf. *Roberts* v. *Superior Court* (1973) 9 Cal.3d 330, 342 [107 Cal.Rptr. 309, 508 P.2d 309].) In the area of privilege, by statute, it is presumed that the communication was made in confidence, ". . . and the opponent of the claim of privilege has the burden of proof to establish that the communication was not confidential." (Evid. Code, § 917.) Thus, real party was burdened with seeking an order compelling disclosure and with rebutting the presumption of confidentiality. However, the latter burden would only arise upon a showing by petitioner that a psychotherapist-patient relationship existed; that is, that the person he consulted was a " 'psychotherapist' " within the meaning of Evidence

---

[2]Both petitioner and real party have furnished this court with declarations purporting to explain the circumstances of the communications in issue. However, because our function is to review the trial court's determination, we limit our consideration to matters before that court. For all we know, the trial court may have been asked to sustain the privilege for a different communication or for totally different reasons.

Code section 1010, and he was a " 'patient' " within the meaning of Evidence Code section 1011.

As explained in *Mize* v. *Atchison, T. & S. F. Ry. Co.* (1975) 46 Cal.App.3d 436, 447 [120 Cal.Rptr. 787], it is not enough that the objecting party merely state that something is protected by a particular privilege. "The burden is upon him to prove the preliminary facts to show that the privilege applies. (*Tanzola* v. *De Rita* (1955) 45 Cal.2d 1, 6 . . . ; see also *Collette* v. *Sarrasin* (1920) 184 Cal. 283 . . . .)" (*Mize, supra,* at p. 447.) Here, in light of petitioner's concession that the only evidence before the trial court was the deposition transcript, we conclude that petitioner failed to prove the preliminary facts in support of the privilege. At the deposition, petitioner's counsel merely asserted a general objection, without identifying the particular " 'psychotherapist[s],' " without showing that they qualified as " 'psychotherapist[s]' " under Evidence Code section 1010, and without proving that petitioner had consulted them "for the purpose of securing a diagnosis or preventive, palliative, or curative treatment of his mental or emotional condition . . . ," as required to make him a " 'patient' " within the meaning of Evidence Code section 1011. The commissioner was entitled to reject assertion of the privilege for failure to prove these preliminary facts. On the record before us, we must presume he acted for that legally correct reason.

The alternative writ is discharged, and the petition for a peremptory writ of mandate is denied.

White, P. J., and Scott, J., concurred.