[No. H024993. Sixth Dist. June 12, 2003.]

GARY DEAN STORY, Petitioner, v.
THE SUPERIOR COURT OF SANTA CLARA COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Jose R. Villarreal, Public Defender, and Mark A. Dames, Deputy Public Defender, for Petitioner.

No appearance for Respondent.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Martin S. Kaye and Catherine A. McBrien, Deputy Attorneys General, for Real Party in Interest.

**OPINION**

**ELIA, J.—**

## I. INTRODUCTION

Petitioner Gary Dean Story seeks extraordinary relief from the order of respondent court denying his motion to quash the People's subpoena duces tecum and allowing release of his psychotherapy records. The petition raises an issue of first impression in the area of prosecutorial discovery: whether the records of psychotherapy ordered as a condition of probation are protected from disclosure in a subsequent criminal action where the prosecution seeks Evidence Code section 1108 evidence regarding the defendant's commission of a previous sexual offense. Petitioner contends that the psychotherapist-patient privilege set forth in Evidence Code section 1014 bars discovery of his psychotherapy records.[1] The People respond that the psychotherapist-patient privilege did not attach because petitioner was not a patient within the meaning of the section 1011 definition of "patient," since petitioner's motivation in attending psychotherapy was to obtain probation, not treatment of his mental or emotional condition.

We agree with petitioner. The California Supreme Court has established that the motive for participating in psychotherapy is immaterial to determining whether the psychotherapist-patient privilege attaches. (*Menendez v. Superior Court* (1992) 3 Cal.4th 435, 454 [11 Cal.Rptr.2d 92, 834 P.2d 786].) Therefore, the fact that a defendant was motivated to participate in psychotherapy as a condition of probation does not bar application of the psychotherapist-patient privilege to the records of that psychotherapy. Because we conclude that the records sought by the People are privileged, we will issue a peremptory writ of mandate as requested by petitioner.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. *Background*

Defendant Gary Dean Story was indicted on one count of murder during the perpetration of and attempt to perpetrate rape and burglary. (Pen. Code § 187.) The murder allegedly took place on October 22, 1976, and the present writ proceeding concerns defendant's psychotherapy records from 1975. During the course of discovery, the People caused a subpoena duces tecum to issue to the Veterans' Administration Hospital in Palo Alto for the following records: "All psychotherapy records dating from July 17, 1975

---

[1] All further statutory references are to the Evidence Code unless otherwise indicated.

through the end of therapy for patient, Gary Dean Story, D.O.B. 12/11/47, including therapy administered by Dr. John Smolowe and any other member of the hospital staff."

Defendant underwent psychotherapy at the Veterans' Administration Hospital as a condition of probation for his 1974 conviction for assault with a deadly weapon. Before ordering probation, the trial court committed defendant to the California Department of Corrections (CDC) for a 90-day observation period, after which the CDC submitted to the court a diagnostic study and recommendation dated December 18, 1974. The diagnostic study and recommendation were based in part on a psychiatric evaluation, and included the following summary of the 1974 offense: "Mr. Story attacked the victim hitting her with what appeared to be a shotgun. She feigned unconsciousness and Story removed her clothing. When he left the room she ,broke the windows with her arms, calling for help."

CDC recommended that defendant be considered for probation on the conditions that he receive a suspended prison sentence, be required to attend outpatient psychotherapy, and pay restitution. The stated reasons for the recommendation were that "[o]ur clinical staff are in agreement that Mr. Story would be a suitable candidate for probation. His offense is viewed as probably situational and a culmination of stress and frustrations which were aggravated by an episode of drinking. Mr. Story has managed to make a satisfactory life adjustment up until the time of the instant offense[.] [H]owever, it appears he has some emotional problems which could be benefitted [*sic*] by psychiatric treatment."

In 1976, defendant was arraigned for violation of probation, consisting of an arrest for an alleged murder and several reports of defendant's being involved in incidents similar to the 1974 assault and the murder. The December 16, 1976 probation report prepared in connection with the probation violation included a summary of Dr. Smolowe's December 1975 letter to the probation department confirming that defendant had attended weekly individual psychotherapy at the Veterans' Administration Hospital from July 17, 1975, through November 13, 1975, as a condition of probation. "Dr. Smolowe further stated that the defendant seemed to gain some understanding of his action and reported a cessation of violent fantasies and that the defendant reported an increase in his social life and in his contacts with friends. Dr. Smolowe would not guarantee that the defendant would not repeat an action such as he was placed on probation for, but he did state that the defendant's visits showed progress and seemed to make a recurrence unlikely. Dr. Smolowe doubted that further enforced therapy would be helpful and told the defendant that voluntary therapy of a less focused, more exploratory type could certainly help improve the quality of his life."

The probation department's report included a recommendation that probation be revoked and that defendant be committed to the California Medical Facility. No subsequent events, including the events that led to defendant's indictment in 2002 for alleged murder in 1976, are reflected in the record submitted in this writ proceeding.

## B. *Litigation of the Discovery Issue*

After defendant was indicted, the People filed a motion for an order releasing all psychotherapy records submitted to the court pursuant to the subpoena duces tecum the People had caused to be issued to the Veterans' Administration Hospital. The motion was supported by the prosecutor's declaration stating that the records sought contained relevant evidence on the issue of guilt or innocence. The People also submitted a supplemental declaration, which stated in more detail the prosecutor's belief that the psychotherapy records would include statements made by defendant concerning his mental state during the 1974 assault, including his "urges to force himself sexually upon non-consenting females by means of violence including choking or strangulation," and these statements would be relevant under section 1108 to prove the prior sexual assault as well as defendant's intent, motive and identity in committing the subsequent assault and murder in 1976.

Defendant filed opposition to the People's motion and moved to quash the subpoena duces tecum on the ground that the psychotherapist-patient privilege barred disclosure of his psychotherapy records. Defendant argued that the psychotherapist-patient privilege attached to the records under section 1012,[2] because the records were the result of information that defendant had given his psychotherapist in confidence, and the prosecution had failed to rebut the section 917[3] presumption of confidentiality. Defendant also contended that the psychotherapist-patient privilege was paramount to the prosecution's discovery interest. Alternatively, defendant objected to pretrial disclosure of his psychotherapy records as premature.

---

[2]Section 1012 provides, "As used in this article, 'confidential communication between patient and psychotherapist' means information, including information obtained . . . between a patient and his psychotherapist in the course of that relationship and in confidence by a means which, so far as the patient is aware, discloses the information to no third persons other than those who are present to further the interest of the patient in the consultation, or those to whom disclosure is reasonably necessary for the transmission of the information or the accomplishment of the purpose for which the psychotherapist is consulted, and includes a diagnosis made and the advice given by the psychotherapist in the course of that relationship."

[3]Section 917, subdivision (a), provides, "Whenever a privilege is claimed on the ground that the matter sought to be disclosed is a communication made in confidence in the course of the lawyer-client, physician-patient, psychotherapist-patient, clergyman-penitient, husband-wife, sexual assault victim-counselor, or domestic violence-victim counselor relationship, the

The People opposed the motion to quash. Their primary argument was that the psychotherapist-patient privilege did not apply to defendant's records because defendant was not a patient within the meaning of the section 1011[4] definition of patient, since his dominant purpose in participating in psychotherapy at Veterans' Administration Hospital was to obtain probation, not treatment of a mental condition. In support of their contention, the People submitted copies of the 1975 probation order pertaining to the 1974 offense, the 1974 CDC diagnostic study and recommendation, and the 1976 probation report summarizing Dr. Smolowe's letter concerning defendant's 1975 psychotherapy. The People maintained that these documents showed that defendant had never participated in or expressed any interest in voluntary therapy, and that Dr. Smolowe doubted that further "enforced therapy" would be helpful.

At the hearing on the parties' discovery motions, the trial court found that the psychotherapy records sought by the prosecution were not privileged. Therefore, the court denied defendant's motion to quash the subpoena duces tecum and ordered release of the subpoenaed Veterans' Administration Hospital records. Defendant petitioned this court for extraordinary relief from the trial court's order. We issued an order to show cause why the relief sought should not be granted, and stayed all trial court proceedings pending our writ review.

## III.  DISCUSSION

### A.  *Writ Review of Discovery Orders*

■    Writ review of discovery orders is appropriate where the order may undermine a privilege, "because appellate remedies are not adequate once the privileged information has been disclosed." (*Kleitman v. Superior Court* (1999) 74 Cal.App.4th 324, 330 [87 Cal.Rptr.2d 813].) "Writ review is also appropriate to address 'questions of first impression that are of general importance to the trial courts and to the [legal] profession, and where general guidelines can be laid down for future cases.' " (*People v. Superior Court (Mouchaourab)* (2000) 78 Cal.App.4th 403, 413 [92 Cal.Rptr.2d 829], quoting *Oceanside Union School Dist. v. Superior Court* (1962) 58 Cal.2d 180, 185-186, fn. 4 [23 Cal.Rptr. 375, 373 P.2d 439].) The standard of review for

communication is presumed to have been made in confidence and the opponent of the claim of privilege has the burden of proof to establish that the communication was not confidential."

[4]Section 1011 provides, "As used in this article, 'patient' means a person who consults a psychotherapist or submits to an examination by a psychotherapist for the purpose of securing a diagnosis or preventative, palliative, or curative treatment of his mental or emotional condition or who submits to an examination of his mental or emotional condition for the purpose of scientific research on mental or emotional problems."

a discovery order is abuse of discretion. (*People v. Superior Court (Moucha-ourab*), *supra*, 78 Cal.App.4th at p. 413.)

In the present case, the issue of whether the psychotherapist-patient privilege attaches to the records of psychotherapy a defendant has undergone as a condition of probation is one of general importance in the prosecution of criminal cases. As we will discuss, writ review is also appropriate to correct the trial court's abuse of discretion in ordering disclosure of defendant's psychotherapy records.

## B.    *The Psychotherapist-patient Privilege in Criminal Cases*

■    The psychotherapist-patient privilege is a statutory privilege that applies in both civil and criminal cases. (§ 1014; see, e.g., *Menendez v. Superior Court*, *supra*, 3 Cal.4th at p. 449.) "[S]ection 1014 provides in part that 'the patient, whether or not a party, has a privilege to refuse to disclose, and to prevent another from disclosing, a confidential communication between patient and psychotherapist. . . .' " (*People v. Stritzinger* (1983) 34 Cal.3d 505, 511 [194 Cal.Rptr. 431, 668 P.2d 738].) That section was enacted as a "broad, protective psychotherapist-patient privilege" in 1965, when the Legislature embraced the view "that an environment of confidentiality of treatment is vitally important to the successful operation of psychotherapy." (*In re Lifschutz* (1970) 2 Cal.3d 415, 422 [85 Cal.Rptr. 829, 467 P.2d 557, 44 A.L.R.3d 1].)

Thus, for policy reasons the psychotherapist-patient privilege is broadly construed in favor of the patient, while exceptions to the privilege are narrowly construed. (*People v. Stritzinger, supra,* 34 Cal.3d at pp. 511, 513.) The privilege is also considered "paramount to prosecution," generally outweighing the People's interest in successful prosecutions and their right to due process of law under article I, section 28, subdivision (d) of the California Constitution. (*Menendez v. Superior Court, supra*, 3 Cal.4th at p. 456, fn. 18.)

■    Despite its broad and protective nature, the psychotherapist-patient privilege is not absolute. (*People v. Martinez* (2001) 88 Cal.App.4th 465, 483 [105 Cal.Rptr.2d 841].) Upon a proper showing, the records of psychotherapy may be disclosed in litigation. Where the psychotherapist-patient privilege is claimed as a bar to disclosure, the claimant has the initial burden of proving the preliminary facts to show the privilege applies. (*Mahoney v. Superior Court* (1983) 142 Cal.App.3d 937, 940-941 [191 Cal.Rptr. 425].) "Preliminary facts" means the existence of a psychotherapist-patient relationship, "that is, that the person [the claimant] consulted was a ' "psychotherapist" ' within the meaning of . . . section 1010, and [the claimant] was a ' "patient" ' within the meaning of . . . section 1011." (*Ibid.*)

Once the claimant establishes the preliminary facts of a psychotherapist-patient relationship, the burden of proof shifts to the opponent of the privilege. To obtain disclosure, the opponent must rebut the statutory presumption of confidentiality set forth in section 917: "Whenever a privilege is claimed on the ground that the matter sought to be disclosed is a communication made in confidence in the course of the . . . psychotherapist-patient . . . relationship, the communication is presumed to have been made in confidence and the opponent of the claim of privilege has the burden of proof to establish that the communication was not confidential." (§ 917; see *Mahoney v. Superior Court, supra,* 142 Cal.App.3d at p. 940.) Alternatively, the opponent of the privilege may show that the privilege has been waived under section 912, or that the material sought falls within one of the exceptions to the psychotherapist-patient privilege codified at sections 1016 through 1027.

## C. *The Veterans' Administration Hospital Records Are Privileged*

In the present case, the People do not assert a waiver of the psychotherapist-patient privilege or application of one of the statutory exceptions to the privilege. Instead, the People urge that the trial court properly ordered disclosure of defendant's psychotherapy records because defendant had failed to meet his burden to show the preliminary facts of a psychotherapist-patient relationship. ▮ Specifically, the People contend that defendant failed to show that he was a patient within the meaning of section 1011, because defendant's dominant purpose in undergoing the court-ordered psychotherapy at the Veterans' Administration Hospital was the avoidance of incarceration, and not the treatment of his mental or emotion condition.

In support of this argument, the People cite *People v. Cabral,* in which the court adopted the "dominant purpose test" applicable to attorney-client communications: " ' "To make the communication privileged the dominant purpose must be for transmittal to an attorney 'in the course of professional employment.' " ' " (*People v. Cabral* (1993) 12 Cal.App.4th 820, 828 [15 Cal.Rptr.2d 866], quoting *Montebello Rose Co. v. Agricultural Labor Relations Bd.* (1981) 119 Cal.App.3d 1 [173 Cal.Rptr. 856].) The court in *People v. Cabral* found the dominant purpose test "equally applicable" to a determination of whether the psychotherapist-patient privilege applied. On that basis, the court ruled that the defendant's letter to a psychotherapist, confessing that he had sexually molested his daughter and requesting admission to a sex offenders treatment program, was not protected by the psychotherapist-patient privilege because the defendant admitted in the letter that his purpose was to obtain probation. (*People v. Cabral, supra,* 12 Cal.App.4th at p. 828.) "Assuming arguendo that, implicitly, part of appellant's purpose in

writing to [the psychotherapist] was to obtain treatment, we cannot conclude that appellant has met his burden in establishing that it was his dominant purpose. Accordingly, the letter was not a privileged communication." (*Ibid.*)

We are not persuaded that defendant's communications with Dr. Smolowe at the Veterans' Administration Hospital are similarly nonprivileged, for two reasons. First, we must reject the dominant purpose test of *People v. Cabral* to the extent the test would automatically preclude the application of the psychotherapist-patient privilege to records generated as the result of psychotherapy attended by a defendant as a condition of probation. The dominant purpose of probation-conditioned psychotherapy must always be therapeutic, regardless of defendant's motive, because the Penal Code expressly provides that the general purpose of all probation conditions is "the reformation and rehabilitation of the probationer." (Pen. Code § 1203.1, subd. (j); see *People v. Carbajal* (1995) 10 Cal.4th 1114, 1121 [43 Cal.Rptr.2d 681, 899 P.2d 67].) If a probationer's psychotherapy was not confidential, the ability to attain therapeutic and rehabilitative goals obviously would be diminished.

Second, the California Supreme Court has established that a defendant's motive in attending psychotherapy is immaterial to a determination of whether the psychotherapist-patient privilege attaches. In *Menendez v. Superior Court*, the court stated, "motive is largely, if not totally, immaterial. It appears that in virtually all psychotherapy, what motivates the participants is *not* psychotherapy for its own sake. For example, the psychotherapist is sometimes motivated by self-interest, as when he earns his living solely through his practice. For his part, the patient is sometimes motivated by self-preservation, as when he struggles to resist the temptation of suicide or antisocial conduct. As a general matter, the dispositive fact is *what* the participants do, not *why*. (But see Evid. Code, § 1018 [crime-tort exception].)"[5] (*Menendez v. Superior Court, supra*, 3 Cal.4th at p. 454.)

Accordingly, it is immaterial in the case at bar that defendant may have been motivated to attend psychotherapy at the Veterans Administration Hospital as a means of obtaining probation and avoiding incarceration. We find that defendant was a patient within the meaning of section 1011 because, as stated in the CDC's 1974 recommendation, the purpose of the

---

[5]Section 1018 provides, "There is no privilege under this article if the services of the psychotherapist were sought or obtained to enable or aid anyone to commit or plan to commit a crime or a tort or to escape detection or apprehension after the commission of a crime or a tort."

psychotherapy was to treat defendant's emotional problems and thereby aid his reformation and rehabilitation while on probation. Defendant thus met his initial burden to show the preliminary facts of the psychotherapist-patient relationship, and the burden shifted to the People to rebut the statutory presumption of confidentiality that attaches to defendant's communications with his psychotherapist under section 917.

In that regard, the People contend that the mandatory nature of defendant's psychotherapy sessions with Dr. Smolowe diminished defendant's expectation of privacy during those sessions, as did the supervision of defendant's probation officer. They explain, "Since the psychotherapy was to be conducted under the direction of his probation officer, petitioner could not reasonably have believed his communications to be absolutely confidential." In support of this contention, the People analogize the records of psychotherapy ordered as a condition of probation to the records of institutional psychotherapy undergone by persons committed under the Sexually Violent Predators Act (Welf. & Inst. Code, § 6600 et seq.), which this court found to be not privileged in *People v. Martinez, supra,* 88 Cal.App.4th at page 483.

However, our decision in *People v. Martinez* is distinguishable. In that case, we concluded that the psychotherapist-patient privilege did not attach because the institutional psychotherapy records of a committed sexually violent predator fall into the "dangerous patient" statutory exception to the privilege: "There is no privilege under this article if the psychotherapist has reasonable cause to believe that the patient is in such mental or emotional condition as to be dangerous to himself or to the person or property of another and that disclosure of the communication is necessary to prevent the threatened danger." (§ 1024; *People v. Martinez, supra,* 88 Cal.App.4th at pp. 483-484.) Sexually violent predators are detained under the Sexually Violent Predators Act in order to protect the public and treat the sexual predator's mental disorder. Therefore, the public policy in favor of confidential psychotherapist-patient communications must yield to the public safety purpose of a full assessment of the sexual predator's mental condition, including review of institutional psychotherapy records. (*Ibid.*)

A defendant who has been granted probation is not comparable to a person who has been committed under the Sexually Violent Predators Act. "Probation is generally reserved for convicted criminals whose conditional release into society poses minimal risk to public safety and promotes rehabilitation." (*People v. Carbajal, supra,* 10 Cal.4th at p. 1120.) Therefore, the section 1024 "dangerous patient" exception to the psychotherapist-patient privilege is not generally applicable to the records of probation-conditioned psychotherapy. However, we do not mean that all such records are absolutely

privileged and can never be disclosed under any circumstance. Some records or testimony concerning probation-conditioned psychotherapy may be disclosed without violating the psychotherapist-patient privilege, as explained by the court in *In re Pedro M.* (2000) 81 Cal.App.4th 550 [96 Cal.Rptr.2d 839].

*In re Pedro M.* concerned the issue of whether a therapist who had provided treatment as a condition of probation to a juvenile sex offender violated the privilege by testifying about the juvenile's participation and progress in the court-ordered treatment plan. The court concluded that the psychotherapist-patient privilege did not bar the therapist's testimony, on two grounds. First, some disclosure was necessary to accomplish the purpose of rehabilitation. As the court explained, "Quite obviously, the court's ability to evaluate appellant's compliance with this particular condition [psychiatric and psychological treatment] of the court's disposition order and its effect on his rehabilitation would be severely diminished in the absence of some type of feedback from the therapist, and it would be unreasonable for appellant to think otherwise." (*In re Pedro M., supra,* 81 Cal.App.4th at p. 554.)

Second, the court determined that statutory authority for the partial disclosure was found in section 1012, which allows disclosure of a confidential communication between patient and psychotherapist to " 'those to whom disclosure is reasonably necessary for . . . the accomplishment of the purpose for which the psychotherapist is consulted.' " (*In re Pedro M., supra,* 81 Cal.App.4th at p. 554.) "In our view, this would include the juvenile court, where the patient is a delinquent minor who has been properly directed to participate and cooperate in a sex offender treatment program in conjunction with a disposition order placing the minor on probation." (*Ibid.*)

Accordingly, the court ruled that the therapist was not precluded by the psychotherapist-patient privilege from testifying with regard to the juvenile's "participation and progress in the court-ordered treatment plan." (*In re Pedro M., supra,* 81 Cal.App.4th at p. 555.) However, the court in *In re Pedro M.* also ruled that the trial court properly limited the therapist's testimony to avoid disclosure of the following information: the details of the therapeutic sessions; any specific statements made by defendant; any advice given by the psychotherapist; and the psychotherapist's diagnosis. (*Id.* at pp. 554-555.)

■ We agree with the reasoning in *In re Pedro M., supra,* 81 Cal.App.4th 550, and consider it to be applicable in the context of the disclosure of the psychotherapy records of an adult probationer. Such records may be disclosed under section 1012 to the extent necessary for the

court to monitor the defendant's participation and progress in the psychotherapy ordered as a condition of probation. In the present case, the record reflects this limited disclosure was made to the court in 1976, in connection with defendant's probation violation, when the probation report summarized Dr. Smolowe's letter concerning defendant's participation and progress in weekly psychotherapy at the Veterans' Administration Hospital.

However, the People seek full disclosure of all psychotherapy records from the Veterans' Administration Hospital, for the purpose of obtaining defendant's statements during psychotherapy about his "violent fantasies" of "sexually assaulting and strangling women," which are "relevant to prove [defendant's] 'intent, motive and identity'" under section 1108. As discussed in *In re Pedro M., supra,* 81 Cal.App.4th at pages 554-555, these records are not subject to disclosure because they may include privileged information, such as the details of the therapy sessions, specific statements made by defendant to his psychotherapist, and the psychotherapist's diagnosis and advice.

For these reasons, we conclude that the trial court abused its discretion in ordering disclosure of defendant's Veterans' Administration Hospital psychotherapy records, since discovery of these records is barred by the psychotherapist-patient privilege. Having come to this conclusion, we need not discuss defendant's alternative argument that discovery of psychotherapy records before trial is premature.

## IV. DISPOSITION

Let a peremptory writ of mandate issue directing respondent court to vacate its order granting the motion of real party in interest to allow release of petitioner's Veterans' Administration Hospital psychotherapy records pursuant to subpoena duces tecum and denying petitioner's motion to quash the subpoena duces tecum, and to enter a new order denying the motion to allow release of petitioner's Veterans' Administration Hospital psychotherapy records pursuant to subpoena duces tecum and granting the motion to quash the subpoena duces tecum. The temporary stay order is vacated, effective upon finality of this decision.

Premo, Acting P. J., and Wunderlich, J., concurred.